IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> VALENTIN MENDOZA, JR., <br><br> Defendant. | 4:23CR3102 <br><br> MEMORANDUM AND ORDER |

This matter comes before the Court on the Findings and Recommendation, Filing No. 33, issued by United States Magistrate Judge Zwart, recommending that the Court deny the motion to suppress filed by Defendant, Valentin Mendoza, Jr., Filing No. 22. Neither party objected to the Findings and Recommendation. For the reasons set forth herein, the Court adopts the Findings and Recommendation and denies the motion to suppress.

I.   BACKGROUND

Defendant, Valentin Mendoza, Jr., is charged with possession with intent to distribute 500 grams or more of a methamphetamine mixture. Filing No. 1.

Deputy Chase Parmer stopped the vehicle Mendoza was driving on February 3, 2023, in Seward County after witnessing two instances of him following a vehicle too closely. Deputy Parmer then questioned Mendoza in his patrol car. Mendoza revealed he did not have a driver's license or the rental agreement for the vehicle, and Deputy Parmer testified he appeared nervous, had a criminal record for drug trafficking, and provided an implausible story for his travel plans. Ultimately, Mendoza consented to a search of his vehicle which revealed bags of methamphetamine in the vehicle's side

1

doors.  He moves to suppress any and all evidence, including the methamphetamine, obtained as a result of a traffic stop.  He argues the deputy sheriff lacked probable cause to stop his vehicle and then unreasonably detained him during the traffic stop in violation of his Fourth Amendment[1] rights.

Magistrate Judge Zwart held a hearing on the motion to suppress and issued her Findings and Recommendation.  She found that Deputy Parmer had probable cause to initiate a traffic stop based on Mendoza following too closely.  Filing No. 33 at 7.  She also determined that the traffic stop was reasonable in time and scope.  *Id.* at 8.  She further determined that even if Deputy Parmer extended the traffic stop beyond the time needed to issue a warning ticket, he was justified in extending it based on the reasonable suspicion he obtained during the stop.

Neither party filed an objection to the Magistrate Judge's findings.  The Court has reviewed the record, including the transcript and evidence, and adopts the Magistrate Judge's findings.

## II.   ANALYSIS

### A.  Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's Findings and Recommendation.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

---

[1] The Court agrees with the magistrate judge's determination that Defendant has abandoned any additional constitutional bases for suppression of evidence because he failed to advance any such arguments in his brief.  Filing No. 33 at 1 n.1.

B.  Analysis

Mendoza first argues Deputy Parmer lacked probable cause to initiate a traffic stop based on him following two separate vehicles too closely.

Nebraska law provides, "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent . . .."  Neb. Rev. Stat. § 60-6,140. The Eighth Circuit has approved of two seconds as a safe following distance as a rule of thumb and the evidentiary record shows Mendoza was following more closely than this. See United States v. Andrews, 454 F.3d 919, 921–22 (8th Cir. 2006).  Any traffic violation, no matter how minor, provides probable cause to stop a vehicle.  United States v. Miller, 915 F.3d 1207, 1209 (8th Cir. 2019).  Deputy Parmer testified that Mendoza was following less than one second behind the two vehicles in question.  Accordingly, Mendoza's argument that Deputy Parmer lacked probable cause to initiate the traffic stop is without merit.

Mendoza next argues Deputy Parmer impermissibly extended the traffic stop.  An officer is permitted to detain a driver while completing routine tasks relating to the traffic violation. United States v. Murillo-Salgado, 854 F.3d 407, 415 (8th Cir. 2017). Thereafter, an officer may not extend a traffic stop unless he or she has reasonable suspicion of a crime. United States v. Pacheco, 996 F.3d 508, 511 (8th Cir. 2021). Here, Deputy Parmer took only 12 minutes to issue Mendoza a warning citation while engaged in permissible, routine tasks.  Additionally, even if the detention was not reasonable for purposes of completing the traffic citation, Deputy Parmer had reasonable suspicion to extend the stop and subsequently obtain consent to search based on Mendoza's actions and answers.

### III.	CONCLUSION

For the reasons set forth herein, the Court agrees with the recommendation of the Magistrate Judge that the motion to suppress should be denied.

IT IS ORDERED:

1. The Court adopts in full the Findings and Recommendation of Magistrate Judge Zwart, Filing No. 33.

2. Defendant's motion to suppress, Filing No. 22, is denied.

Dated this 18th day of January, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4